## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## BOWLING GREEN DIVISION
## CIVIL ACTION NO. 1:08CV-00170-TBR

**DERRICK SANCHO LOVING**                                                              PETITIONER

VS.

**NANCY DOOM, Warden**                                                                  RESPONDENT

### FINDINGS OF FACT, CONCLUSIONS OF LAW
### AND RECOMMENDATION

### BACKGROUND

Petitioner, Derrick Sancho Loving ("Loving"), *pro se*, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (DN 1). The District Judge referred this matter to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. §§ 636(b)(1)(A) and (B) (DN 7).

Respondent, Nancy Doom ("Doom"), has filed a motion to dismiss due to expiration of the statute of limitations (DN 10). Loving has filed a memorandum in response (DN 11). The time for filing a reply having expired, this matter is ripe for determination.

### FINDINGS OF FACT

On December 7, 2002, Loving shot to death his sisters Hanna and Jessica Key (DN 10). A Grand Jury issued an indictment charging Loving with two counts of murder. A jury trial before the Logan Circuit Court began in September of 2003 (DN 1, Exhibit 5). Loving v. Commonwealth of Kentucky, 2005 WL 387282, *1 (Ky. 2005) (unpublished opinion). On the

second day of trial, Loving entered an unconditional guilty plea to the charges and the case proceeded to the penalty phase. Loving, 2005 WL 387282, *1. On each count the trial court sentenced Loving to life imprisonment. Id. The trial court ordered the sentences to run consecutively. Id.

On direct appeal Loving raised the following four issues: (1) The trial judge erred to his substantial prejudice and denied him due process of law when the trial judge denied his motion to withdraw his guilty plea; (2) The trial judge erred to his substantial prejudice and denied him due process of law when, over his objection, the trial judge granted the Commonwealth's motion to strike a prospective juror for cause; (3) The trial judge erred when it sentenced him to two consecutive life sentences; and (4) The trial judge erred by allowing an improper order in the penalty phase closing arguments. Id. at *1-4. On February 17, 2005, the Kentucky Supreme Court issued an unpublished opinion that affirmed the judgment of conviction but remanded to the trial judge for a re-sentencing because consecutive life sentences are improper under Kentucky law. Id.

Upon remand, the Logan Circuit Court issued an amended final judgment sentencing Loving to two concurrent life sentences (DN 1, Exhibit 3). The amended final judgment was entered on March 22, 2005 (DN 1, Exhibit 3).

Over two years later, on April 11, 2007, Loving filed in the Logan Circuit Court a motion to vacate, set aside, or correct sentence pursuant to Ky.R.Crim.P. 11.42 (DN 1, Exhibit 4). Loving's motion was denied in an order entered July 2, 2007 (DN 1, Exhibit 5). Loving did not appeal the Logan Circuit Court's order.

Sixteen months later, on November 19, 2008, Loving filed his petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2254 (DN 1). In his petition Loving presents the same four

issues that he raised in his direct appeal to the Supreme Court of Kentucky (DN 1).

## CONCLUSIONS OF LAW

Doom argues the Court should dismiss Loving's § 2254 petition because it is barred by the one-year statute of limitations in 28 U.S.C. § 2244(d)(1) (DN 10). In essence, she asserts the statute of limitations under § 2244(d)(1) expired on June 8, 2006, more than two years before Loving filed his § 2254 petition (DN 10).

Loving does not challenge Doom's contention that the one-year statute of limitations expired on June 8, 2006 (DN 11). Instead, he argues an equitable tolling of the statute of limitations is appropriate because the Green River Correctional Complex has a shortage of inmate legal aides with experience in federal habeas proceedings (DN 11).

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which became effective on April 24, 1996, includes a one-year statute of limitations that applies to petitions for writ of habeas corpus filed by a person in custody pursuant to a State court judgment. The statute of limitation reads as follows:

> "(d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of - -
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the

> right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."

28 U.S.C. § 2244.

Here, since Loving is raising the same arguments he made on direct appeal he is challenging the original judgment (DN 1). The opinion of the Supreme Court of Kentucky becomes final on the 21st day after "the date of its rendition" unless a petition for rehearing has been timely filed. Ky.R.Civ.P. 76.30(2)(a); Ky.R.Civ.P. 76.32(2). Since Loving did not file a petition for rehearing, under Kentucky law the judgment became final on March 10, 2005. However, under federal law, since Loving did not file a petition for certiorari his conviction became final when the 90 day time limit for filing a petition expired. Lambrix v. Singletary, 520 U.S. 518, 527 (1997); Rule 13(1) of the Rules of the Supreme Court. The one-year period of limitation in § 2244(d)(1)(A) begins to run the day after that 90 day time limit expires. Bronaugh v. Ohio, 235 F.3d 280, 283 (6th Cir. 2000). Since the 90 day time limit expired on June 7, 2005, the one-year period of limitations under § 2244(d)(1)(A) began to run on June 8, 2005. This means for Loving the one-year statute of limitations in § 2244(d)(1)(A) expired on June 8, 2006.

This also means the one-year period of limitations in § 2244(d)(1)(A) had expired ten months before Loving filed his Rule 11.42 motion on April 11, 2007. Therefore, the Rule 11.42 motion has no bearing on the statute of limitations issue. In sum, the statute of limitations expired two years and six months before Loving filed his § 2254 petition on November 19, 2008 (DN 1).

4

The one-year period of limitations in § 2244(d)(1) is subject to the doctrine of equitable tolling when a petitioner's failure to meet the one-year period of limitations arose from circumstances beyond his control. Keenan v. Bagley, 400 F.3d 417, 421 (6th Cir. 2005). The Court must consider the following factors in deciding whether equitable tolling should apply:

> "(1) the petitioner's lack of notice of the filing requirements; (2) the petitioner's lack of constructive knowledge of the filing requirements; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim."

Id., (quoting Andrews v. Orr, 851 F.2d 146, 151 (6th Cir. 1988)). Not all of the above factors are relevant in all cases. Vroman v. Brigano, 346 F.3d 598, 605 (6th Cir. 2003). Moreover, the fourth factor - - absence of prejudice to the respondent - - should be considered only when a factor that might justify tolling has been identified. Id. Finally, equitable tolling should be applied "sparingly." Dunlap v. United States, 250 F.3d 1001, 1008-1009 (6th Cir.), cert. denied, 534 U.S. 1057 (2001).

Here, Loving does not contend lack of actual or constructive knowledge of the filing requirement (DN 11). Further, Loving has not demonstrated how the present shortage of legal aides with federal habeas experience has any bearing on whether he was diligent in pursuing his rights in 2005 and 2006. The Court need not address the issue of prejudice to the respondent because a factor that might justify tolling has not been identified. Finally, the fifth factor does not apply because Loving is not alleging ignorance of the one-year period of limitations. In sum, Loving has not carried his burden of demonstrating that he is entitled to an equitable tolling of the statute of limitations.

Since the undersigned recommends the Court dismiss the § 2254 petition on a procedural ground, Loving must satisfy both prongs of the test articulated in Slack v. McDaniel, 529 U.S. 473, 484-485 (2000), to be entitled to a Certificate of Appealability. To satisfy the first prong of this test, Loving must demonstrate "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a Constitutional right." Id. at 484. To satisfy the second prong, Loving must show "jurists of reason would not find it debatable whether the district court was correct in its procedural ruling." Id. Notably, the Court need not conduct the two-pronged inquiry in the order identified or even address both parts if Loving makes an insufficient showing on one part. Id. at 485. For example, if the Court determines that Loving fails to satisfy the procedural prong than it need not determine whether the Constitutional prong is satisfied. Id.

For the reasons set forth above, a plain procedural bar exists that jurists of reason would not find debatable. Id. at 484. Therefore, the undersigned recommends that a Certificate of Appealability be DENIED as to Loving's § 2254 petition.

## RECOMMENDATION

For the foregoing reasons, it is recommended that Doom's motion to dismiss (DN 10) be GRANTED and that the Court dismiss Loving's § 2254 petition with prejudice. It is further recommended that a Certificate of Appealability be DENIED.

## NOTICE

Therefore, under the provisions of 28 U.S.C. Sections 636(b)(1)(B) and (C) and Fed.R.Civ.P. 72(b), the Magistrate Judge files these findings and recommendations with the Court and a copy shall forthwith be electronically transmitted or mailed to all parties. Within ten (10) days after being served with a copy, any party may serve and file written objections to such findings and recommendations as provided by the Court. If a party has objections, such objections must be filed within ten (10) days or further appeal is waived. Thomas v. Arn, 728 F.2d 813 (6th Cir.), aff'd, U.S. 140 (1984).


Copies:     Petitioner, *pro se*
            Counsel of Record